UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-12082-GAO

UNITED STATES OF AMERICA,
Plaintiff,

v.

PAUL N. CROSSEN, VICKI CROSSEN, NATIONS RENT, NICKERSON LUMBER CO., ANTHONY R. PRIZZI, JR., and METAL BUILDING PRODUCTS, INC., d/b/a SPIRICO MANUFACTURING
Defendants.

ORDER
July 18, 2011

O'TOOLE, D.J.

The defendant, Paul Crossen, seeks litigation fees from the government pursuant to 26 U.S.C. § 7430 for his successful argument regarding the statute-of-limitations issue in the present case. To obtain such litigation fees, the defendant must be "the prevailing party" as that term is defined in § 7430. According to that provision, a defendant is not a "prevailing party" if the government establishes that its position in the court proceeding was "substantially justified." Id. § 7430 (c)(4)(B)(i).

A position is "substantially justified" if a "reasonable person could think it correct." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). That is, the position must have "a reasonable basis in both law and fact, a determination made on a case by case basis." Moulton v. United States, 429 F.3d 352, 355 (1st Cir. 2005) (internal citations and quotations omitted). The government's loss in a litigated matter is "not determinative of whether its position was

substantially justified." <u>Jean v. United States</u>, 396 F.3d 449, 455 (1st Cir. 2005); <u>see also</u> <u>Nalle v. Comm'r of Internal Revenue</u>, 55 F.3d 189, 192 (5th Cir. 1995) (position may be substantially justified where the status of the law is unsettled or the issue is difficult or novel).

In the present case, the government's position regarding the statute of limitations was substantially justified. It involved a reasonable, though ultimately unsuccessful, interpretation of 26 U.S.C. § 6331(k). That statute typically suspends the limitations period from the date an offer-in-compromise is accepted for processing until the date that it is accepted or rejected. <u>Id.</u> (<u>See</u> Op. & Order 3 (dkt. no. 35).) The statute applies "to offers-in-compromise pending on or made after December 31, 1999." Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3462, 112 Stat. 685, 766 (1998); 26 U.S.C. § 6331 note. The government argued that Crossen's offer-in-compromise was pending on December 31, 1999, and that the limitations period should therefore be suspended from the date his offer was accepted for processing even though that date was prior to December 31, 1999.

A reasonable person could have interpreted the statute that way. The statute did not explicitly limit the suspension period to the time after December 31, 1999. Furthermore, the statute stated that the suspension period applied to the offer-in-compromise—and not merely to the offer-in-compromise for a period of time after December 31, 1999—and it was therefore not unreasonable to have argued that the suspension period should apply to the offer-in-compromise as a whole rather than only to the period after December 31. In addition, the parties have not provided any case clearly showing that this issue had been settled at the time the government made its argument.

In the end, the government's position was not sufficiently strong. (See Op. & Order 3-6 (dkt. no. 35).) Nevertheless, the government's position was grounded in a reasonable interpretation of the facts and statute at issue. Its position was substantially justified. See Moulton, 429 F.3d at 355. Accordingly, the plaintiff's motion (dkt. no. 49) for litigation fees is DENIED.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge