UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-12082-GAO

UNITED STATES OF AMERICA,
Plaintiff,

v.

PAUL N. CROSSEN, VICKI CROSSEN, NATIONS RENT, NICKERSON LUMBER CO.,
ANTHONY R. PRIZZI, JR., and METAL BUILDING PRODUCTS, INC., d/b/a SPIRCO
MANUFACTURING,
Defendants.

ORDER
September 23, 2011

O'TOOLE, D.J.

The defendant, Paul Crossen, now moves this Court to alter its September 1, 2010 Judgment. More specifically, he urges the Court to order that that proceeds from the sale of his property located at 317 Main Street in Harwich, Massachusetts ("317 Main Street") be distributed only to himself, Vicki Crossen, and the United States of America and that no proceeds be distributed to Nations Rent, Anthony Prizzi, or Metal Building Products. In support of his motion, the defendant sets forth two arguments.

First, he argues that Rule 37(c) of the Federal Rules of Civil Procedure bars Nations Rent, Anthony Prizzi, and Metal Building Products from introducing evidence of their claims against him because they did not make initial disclosures in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party

is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

In the present case, the parties' failure to disclose was substantially justified and harmless. Indeed, the relevant evidence here was well known to all parties. The defendant, furthermore, admitted the existence of this evidence. That is, he explicitly did not dispute that "Anthony R. Prizzi, Jr. recorded an execution of judgment in the amount of $65,000 in the Barnstable County Registry of Deeds at Book 22724, Page 325, against Paul N. Crossen and the [317 Main Street] Property," that "Metal Building Products . . . recorded a writ of attachment in the amount of $8,000 in the Barnstable County Registry of Deeds at Book 18799, Page 138, against Paul N. Crossen and the [317 Main Street] Property," and that "Nations Rent . . . recorded an execution of judgment in the amount of $21,560.12 in the Barnstable County Registry of Deeds at Book 19497, Page 222, against Paul N. Crossen and the [317 Main Street] Property." (Def.'s Mem. in Opp'n to Gov't's Mot. for Summ. J. 5-6 (dkt. no. 30).) In the present situation, where all parties knew the relevant information and had access to it, a refusal to distribute proceeds to Nations Rent, Anthony Prizzi, or Metal Building Products would be an "unduly harsh penalty." See Fed. R. Civ. P. 37(c) advisory committee's note (1993 amendment) (Rule 37(c) seeks to avoid "unduly harsh penalties" and therefore generally should not be used to sanction a party where, for example, there is an "inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties."); see also Cruz-Vazquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 58 n.1 (1st Cir. 2010).

The defendant further argues that no proceeds should be distributed to Metal Building Products because its attachment on the defendant's property expires after six years and the attachment had expired by the time of the Judgment. Section 114A of Massachusetts General Laws chapter 223 provides that "[a]n attachment of land, or of a right or interest therein, shall . . . expire by operation of law at the end of six years from the date of filing the same in the office of the register of deeds in the county or district where said land or some part of it is situated, unless said register shall, within said period, at the written request of the plaintiff or his attorney bring forward the same upon the books of attachments." Mass. Gen. Law. ch. 223, § 114A. Here, Metal Building Products brought forward the attachment before the end of six years. See Margolies Letter at 1, United States v. Crossen, No. 08-12082 (D. Mass. Sept. 21, 2010) (dkt. no. 44-1). The Court has no cause to alter its judgment on the grounds set forth by the defendant.

Accordingly, the defendant's motion (dkt. no. 43) to alter judgment is DENIED.

It is SO ORDERED.

      /s/ George A. O'Toole, Jr.
United States District Judge